

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 27, 1972

Mr. Charles R. Barden, P.E.          Opinion No. M-1282
Executive Secretary
Texas Air Control Board          Re:  Authority and Jurisdiction
820 East 53rd Street                  of Texas Air Control Board
Austin, Texas    78751                over odor from feed lot
                                      solid waste.
Dear Mr. Barden:

Your request for our opinion reads:

> "I hereby request an official interpre-
> tation of the Texas Air Control Board's
> jurisdiction over air pollution (i.e., odor)
> from agricultural wastes which are under
> the authority of the Texas Water Quality
> Board.  More specifically, can this agency
> impose restrictions on the stockpiling of
> manure in order to prevent or reduce odors?"

We restate your question as follows:

> (1) Does the Texas Air Control Board
> have authority to control the stockpiling
> of feed lot solid waste by a commercial
> cattle feed lot as an incident to preven-
> tion or reduction of air pollution?

> (2) Does the Texas Air Control Board
> have authority to prevent or reduce odors
> from feed lot solid waste stockpiled by a
> commercial cattle feed lot?

We answer both of your questions "Yes", as more fully set
forth in this opinion.

We must harmonize the authority of the Texas Air Control
Board under Article 4477-5[1], the Texas Clean Air Act, and the
authority of the Texas Water Quality Board under the Texas
Water Code and Article 4477-5, the Solid Waste Disposal Act.

---

[1] All references to Articles one to Vernon's Civil
Statutes, unless otherwise stated.

The authority of the Texas Air Control Board to control by permit the emission from certain facilities of any air contaminants[2] into the air of this State is expressly granted by Secs. 3.27 and 3.28 of Article 4477-5. In their relevant portions these sections read as follows:

> "Sec. 3.27.  (a) Any person who plans to construct any new facility or to engage in the modification of any existing facility which may emit air contaminants into the air of this State shall apply for and obtain a construction permit from the board before any actual work is begun on the facility..."

> "Sec. 3.28.  (a) If a permit to construct is issued, then within sixty days after the facility has begun operation, the person in charge of the facility shall apply for an operating permit..."

> . . . .

> "(e) A permit issued under this section may be revoked by the board if the board later determines that any of the terms of the permit are being violated or that emissions from the facility contravene air pollution control standards set by the board or contravene the intent of the Texas Clean Air Act.

> "(f) The board or the executive director may seek an injunction in a court of competent jurisdiction to halt the operation of any facility which is operating without a permit issued under this section or which is operating in violation of the terms of a permit issued under this section."

---

[2] The term air contaminants and other relative terms are defined in Sec. 1.03 of Art. 4477-5.

These statutory provisions apply only to a new facility or an existing facility[3] which is to be modified.[4] Our opinion is that a commercial feed lot is a facility within contemplation of these Secs. 3.27 and 3.28.

We hold that Secs. 3.27 and 3.28 of Article 4477-5 expressly grant to the Texas Air Control Board, with reference to these types of facilities, authority to issue the permits necessary to both control the stockpiling of feed lots' solid waste and to prevent and reduce the odors therefrom, as may be necessary in its judgment to protect the air resources of this State from pollution.

The Texas Air Control Board has broad powers in the control of air pollution other than in the issuance of these permits. It is the designated state agency for control of air pollution. This is manifest from the several provisions of the Texas Clean Air Act, Article 4477-5, quoted in the footnote.[5] These provisions would appear to clothe this Board with the principal control over air pollution from every source.

---

[3] A facility, in general, is something which is built or installed to perform some particular function; the term has been held to cover a bridge, a county jail, a branch bank, etc. See 16 Words and Phrases, Facilities.

[4] The term modified is defined in Sec. 1.03 of Art. 4477-5.

[5] Sec. 1.03 contains definitions.

Sec. 1.05 reads: "The Texas Air Control Board is the state air pollution control agency. The board is the principal authority in the state on matters relating to the quality of the air resources in the state and for setting standards, criteria, levels and emission limits for air content and pollution control."

Sec. 3.01 reads: "The board shall administer the provisions of this Act and shall establish the level of quality to be maintained in, and shall control the quality of, the air resources in this state as provided in this Act. The board shall seek the accomplishment of the purposes of this Act through the control of air contaminants by all practical and economically feasible methods consistent with the powers and duties of the board. The board has the powers and duties specifically prescribed in this Act and all other powers necessary or convenient to carry out its responsibilities."

On the other hand, an apparent conflict arises wherein Sec. 3 of Article 4477-7, the Solid Waste Disposal Act, expressly designates the Texas Water Quality Board and the Texas State Department of Health as the state agencies "... with respect to the collection, handling, storage and disposal of...solid waste.[6]  This Sec. 3 does require that they "consult" "...with the Texas Air Control Board with respect to the air pollution control and ambient air quality aspects,..."

This apparent conflict is resolved, in our opinion, in favor of concurrent or overlapping authority in the Air Control Board on the one hand and in the Water Quality Board and the Department of Health on the other, relating to air pollution, by Sec. 10 of Article 4477-7 which reads as follows:

Sec. 3.02 reads:  "The board shall prepare and develop a general, comprehensive plan for the proper control of the air resources of the state."

Sec. 3.03 reads:  "The board is authorized to require the submission of information by persons whose activities cause emissions of air contaminants to enable the board to develop an inventory of the emissions of air contaminants in the state."

Sec. 3.09, subsection (a), reads: "The board has the power, in accordance with the procedures in this section, to make rules and regulations consistent with the general intent and purposes of this Act and to amend any rule or regulation it makes."

Sec. 3.12, in its more pertinent portions reads:   (a) The board is authorized to enter orders and determinations as may be necessary to effectuate the purposes of this Act....
(b) If the board determines that air pollution exists, it may order such action as is indicated by the circumstances to control the condition...."

Sec. 4.01, subsections (a) and (b) read:   "(a) Except as authorized by a rule, regulation, variance or other order of the board, no person may cause, suffer, allow or permit the emission of any air contaminant or the performance of any activity which causes or contributes to, or which will cause or contribute to, a condition of air pollution.
(b) No person may cause, suffer, allow or permit the emission of any air contaminant or the performance of any activity in violation of this Act or of any rule, regulation, variance, or other order of the board."

> "This Act is cumulative of and supple-
> mental to any other laws and parts of laws re-
> lating to the same subject and does not repeal
> those other laws or parts of laws.  Nothing in
> this Act diminishes or limits, or is intended
> to diminish or limit, the authority of the
> department, the board, the Texas Air Control
> Board, or local governments in performing any
> of the powers, functions, and duties vested in
> those governmental entities by other laws."
> (Emphasis added.)

The policy intent of the Legislature in enacting Article
4477-7 is stated in its Section 1 as follows:

> "...It is the policy of the state and the
> purpose of this Act to safeguard the health,
> welfare, and physical property of the people
> through controlling the collection, handling,
> storage, and disposal of solid wastes."

This Section 1 does not specifically mention air, but Sec. 10
does specifically state that nothing in Article 4477-7 limits
the authority, power, function or duties of the Air Control
Board.

The exercise by the Air Control Board of concurrent
jurisdiction with these other agencies over the stockpiling
of feed lot solid waste in the prevention and control of pol-
lution from these wastes harmonizes and makes wholly effective
all the powers granted to each of these agencies in their
respective principal fields of control.

---

[6] Solid waste, as defined in Sec. 2 of Art. 4477-7
includes feed lot solid waste.

## SUMMARY

The Texas Air Control Board has concurrent
jurisdiction with the Texas Water Quality
Board and the Texas State Department of
Health in the control of the stockpiling
of feed lot solid waste by a commercial
cattle feed lot to prevent or reduce odors
therefrom.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by M. Lynn Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Lattimore
John Reeves
Ronald S. Driver
Robert Lemens

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant